## DE BLANC vs. DE BLANC.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. MARTIN.

A judgement obtained by the wife against her husband on his confession, although conclusive between themselves, is liable to be impeached on the ground of fraud and collusion by third persons, against whom it may operate.

So in a suit by the wife (founded on a previous judgement against her husband), to recover property alleged to be subject to her legal mortgage, and claimed by a third person or creditor of the husband, on an allegation of fraud and collusion, the burthen of proof will be thrown on the plaintiff, to show the truth and genuineness of the claim on which she obtained the judgement against her husband.

Marguerite C. De Blanc obtained a judgement of separation of property, for the sum of five thousand eight hundred and nineteen dollars against her husband in 1815. She was able to satisfy all but one thousand and eighty-six dollars out of the property her husband then possessed. Subsequently, he inherited property as heir of his father, on which the petitioner claims to have an older and higher privilege for the balance of her judgment against her husband, it being for dotal and paraphernal property. Auguste Borine, a creditor of the husband, levied his execution on this property, for a debt of four hundred and fifty-nine dollars and eighty-seven

DE BLANC
vs.
DE BLANC.

cents, contracted in 1822, since the rendition of the wife's judgement. She now sues to enjoin this creditor from proceeding against the property of her husband, until her judgement is entirely satisfied, and cites her husband to show cause why her said judgement should not be carried into execution, &c.

The defendant, Borine, opposed her claim, alleging the judgement against her husband, to be obtained through fraud and collusion between them, with a view of cheating and defrauding his creditors; that the plaintiff could not avail herself of any judgement she may have obtained against her husband, to support a claim arising out of a balance due on it, in a suit against a third person, or one who was no party to it.

The defendant, De Blanc, died during the pendency of this suit, and it was transferred to the Court of Probates in 1827. The defendant, Borine, amended his answer in opposition to the plaintiff's claim, and added the wife's judgement against her husband, was a nullity, and could have no legal effect against his succession, now administered as a vacant estate; that defendant's judgement against De Blanc, was recorded in 1824, and operated as a general mortgage on the succession; that the wife's judgement never was recorded; she set up her legal mortgage for the restoration of all her paraphernal effects. The defendant insists that his mortgage is superior to the plaintiffs, and that his claim be first satisfied.

There was judgement perpetuating the plaintiff's injunction, and ordering her claim to be paid in preference to defendant's. The latter appealed.

The record of the suit of the wife against her husband in 1815, was offered in evidence in support of her claim.

It was admitted that the father of Joseph De Blanc died in 1826, and that the property in contest, was inherited at his death, and consequently came into Joseph De Blanc's possession, after the defendant, Borine's judgement, was obtained against him and recorded.

The parish judge's certificate states there is no document in his office, showing that Marguerite C. De Blanc brought

any property or money into marriage, or during marriage with her husband.

*Brownson*, for plaintiff.

*Simon*, for defendant, contended:

1. That the wife must against creditors produce proof other than the husband's confession in the marriage contract.  7 *Mar. N. S.* 460.

2. Subsequent creditors are not affected by the husband's confession, and other proof must be produced against them.

3. Where the answer charges the judgement to have been obtained through fraud and collusion, the wife must give evidence to prove it was *bona fide*. The judgement rendered on confession of the husband, is not sufficient.  8 *Mar. N. S.* 459.

4. In this case, the fraud and collusion is specially alleged, but at all events, I cannot see why a judgement rendered on the confession of the husband (certainly valid between them but not as to creditors), should have more force than the husband's confession in the marriage contract, or in any other public act subsequent to the marriage.   If such judgement is to have effect against creditors, it will be promoting indirectly, what cannot be done directly.

5. There is no evidence that this judgement was ever published according to the *Civil Code, art.* 89, *p.* 342.

Mathews, J., delivered the opinion of the court.

The wife obtained a decree of separation of property from her husband, and a judgement against him for five thousand eight hundred and nineteen dollars, in the year 1815, which was satisfied, except one thousand and eighty-six dollars. The husband obtained the benefit of our insolvent laws, in the year 1824, and died on the seventh of December, 1826; having previously inherited from his father a certain amount

of property, who died on the sixth of April, of the same year. Previous to the death of Joseph De Blanc, Auguste Borine (who is a defendant in this action) had obtained a judgement against him, and subsequently levied an execution on that part of his father's succession which was inherited by the son. The wife obtained an injunction to stay proceedings under this execution; claiming a preference on the property seized, to have the balance of her judgement satisfied. Pending these proceedings, De Blanc, the husband, died, and the cause was transferred to the Court of Probates, and judgement then rendered, allowing the preference claimed by the wife, from which Borine appealed.

A judgement obtained by the wife against her husband on his confession, although conclusive between themselves, is liable to be impeached, on the ground of fraud and collusion, by third persons against whom it may operate.

The only question presented for decision, relates to the preference claimed by the plaintiff, in consequence of her judgement against her husband. This judgement is based entirely on the confession of the latter; and the preference claimed is opposed on the ground of fraud and collusion between the husband and wife, by which the latter obtained judgement; and although conclusive between the parties, it is liable to impeachment by third persons, against whose rights it may operate. In truth, this question seems to be settled by several decisions of the Supreme Court. In the cases of *Buison* vs. *Thompson,* 7 *Martin, N. S.* 460, and that of *Beard* vs. *Pijeau,* 8 *Martin, N. S.* 459; and also that of *Serapurn* vs. *La Croix,* 1 *L. Rep.* 373. The doctrines laid down in these cases is in no manner contrary to the principles assumed in the decision of the case of *Turnbull* vs. *Davis et al.* 1 *Martin N. S.;* for in that suit no allegation of fraud and collusion is made in the answer.

So, in a suit by the wife (founded on a previous judgement against her husband), to recover property alleged to be subject to her legal mortgage, and claimed by a third person or creditor of the husband, on an allegation of fraud and collusion, the burthen of proof will be thrown on the plaintiff, to show the truth and genuineness of the claim on which

The right of third persons who may be defrauded by judgements rendered in cases to which they were not and could not become parties, to allege fraud against such judgements, may be safely admitted as a general rule in jurisprudence; and all transactions between husband and wife, by which preferences are created in favor of one of the parties, must be viewed with suspicion when they come in competition with the claims of other creditors. We are of opinion that

the allegations of fraud and collusion, contained in the answer, placed the burthen of proof on the plaintiff, to show the truth and genuinenes of the foundation on which she obtained the judgement against her husband.

WESTERN DIS.
*Sept.* 1832.

FUSILIER
*vs.*
MASSE ET AL.

she obtained the judgement against her husband.

The judgement of the Probate Court must therefore be reversed. But the plaintiff having relied solely on her judgement, under a belief that it should be held conclusive against all persons, may have her just claims sacrificed. The cause ought therefore to be remanded, for a trial *de novo*, in order that she may adduce evidence (if in her power) to support the judgement against her husband; this the justice of the case requires.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the court below be avoided, reversed, and annulled: and it is further ordered, that the cause be sent back to said court for a new trial; the appellee to pay the costs of appeal.